DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

EDGAR ZUNIGA-MEJIA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1001

_____

June 21, 2024

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Hillsborough County; Michelle D. Sisco, Judge.

Edgar Zuniga-Mejia, pro se.

Ashley Moody, Attorney General, Tallahassee, and David Campbell, Assistant Attorney General, Tampa, for Appellee.


SMITH, Judge.

Edgar Zuniga-Mejia appeals the order summarily dismissing his motion filed under Florida Rule of Criminal Procedure 3.850 with prejudice for failure to comply with an order of the postconviction court. Because the dismissal was not authorized by rule 3.850, we reverse and remand for further proceedings.

In 2005, a jury found Mr. Zuniga-Mejia guilty of two drug offenses and the trial court sentenced him to prison. Since this court per curiam affirmed his convictions and sentences, *see ZunigaMejia v. State*, 929 So. 2d 1068 (Fla. 2d DCA 2006) (table decision),[1] Mr. Zuniga-Mejia has filed several unsuccessful postconviction motions. In response to the rule 3.850 motion he filed in December 2022, the postconviction court on January 24, 2023, issued its Order for Defendant to Acknowledge Warnings and Order for Defendant to Respond. The January 24 order warned Mr. Zuniga-Mejia of the ramifications of filing for postconviction relief under rule 3.850 and ordered him to acknowledge the postconviction court's warnings. Specifically, the postconviction court ordered him to acknowledge that the State was not obligated to renew or extend any previous plea offers if his motion was successful, that there was a possibility that he would receive a harsher sentence if his conviction was set aside, that he had no legal right to gain time while in county jail, and that the postconviction court could impose sanctions for prohibited conduct under rule 3.850(n)(3). The January 24 order gave Mr. Zuniga-Mejia thirty days to acknowledge these warnings and provide written verification that he still wished to proceed with his postconviction motion, failing which his motion would be dismissed with prejudice.

Mr. Zuniga-Mejia did not respond to the January 24 order, and on April 10, 2023, the postconviction court summarily dismissed his motion with prejudice, stating as the sole basis for the dismissal: "Over (60) days has passed and Defendant failed to comply with the Court's [January 24] order."

In this appeal, Mr. Zuniga-Mejia argues that the postconviction

---

[1] Mr. Zuniga-Mejia's name was listed without the hyphen in his direct appeal.

2

court had no authority to issue the January 24 order and, thus, no authority to dismiss his motion. The State responds that Mr. Zuniga-Mejia's motion was successive and that the postconviction court was authorized under rule 3.850(n)(3) to dismiss it as an abuse of process and for failure to comply with the rules. We find no merit in the State's argument because the postconviction court did not dismiss Mr. Zuniga-Mejia's motion as successive, but instead expressly dismissed the motion for failure to comply with the January 24 order.

Rule 3.850(f) provides explicit direction to postconviction courts about how to dispose of a motion filed thereunder, mandating that "[d]isposition of the motion shall be in accordance with the following procedures, which are intended to result in a single, final, appealable order that disposes of all claims raised in the motion." (Emphasis added.) Mr. Zuniga-Mejia's failure to file a written verification not prescribed by the rule simply does not fall within the available dispositions—including the expressly provided for grounds for dismissal. *See* Fla. R. Crim. P. 3.850(f), (h), (m), (n).

We are mindful of the postconviction court's intent to warn Mr. Zuniga-Mejia of the potential unintended consequences that attend the filing of a postconviction motion. And while nothing prohibits a postconviction court from advising a movant of the ramifications of a successful postconviction motion or warning a movant of the postconviction court's authority to impose sanctions under rule 3.850(n)(3), the rule simply does not allow for dismissal, let alone dismissal with prejudice, should a movant not expressly acknowledge that there may be adverse consequences to prevailing on his motion.[2]

---

[2] We acknowledge that rule 3.850(n) does allow for sanctions, including dismissal with prejudice, if the defendant engages in prohibited

3

We note that there is no additional requirement under rule 3.850(n) that a defendant verify or otherwise certify anything other than the initial motion itself. *See* Fla. Crim. R. P. Rule 3.850(n) ("**Certification of Defendant; Sanctions.** No motion may be filed pursuant to this rule unless it is filed in good faith and with a reasonable belief that it is timely, has potential merit, and does not duplicate previous motions that have been disposed of by the court.").

Accordingly, because the dismissal with prejudice of Mr. Zuniga-Mejia's postconviction motion was unauthorized, we reverse and remand for further proceedings.

Reversed and remanded for further proceedings.

MORRIS and ATKINSON, JJ., Concur.

---

conduct under the rule, which explicitly includes "the abuse of the legal process or procedures governed by this rule." We further acknowledge that the failure to respond to an order of the postconviction court could qualify as "abuse of the legal process or procedures governed by [the] rule." However, the rule expressly provides that before imposing any sanction,

> [t]he court shall issue an order setting forth the facts indicating that the defendant has or may have engaged in prohibited conduct. The order shall direct the defendant to show cause, within a reasonable time limit set by the court, why the court should not find that the defendant has engaged in prohibited conduct under this rule and impose an appropriate sanction. Following the issuance of the order to show cause and the filing of any response by the defendant, and after such further hearing as the court may deem appropriate, the court shall make a final determination of whether the defendant engaged in prohibited conduct under this subdivision.

Fla. R. Crim. P. 3.850(n).

Here, there is no question the postconviction court did not comply with the requirements of rule 3.850(n) prior to dismissing Mr. Zuniga-Mejia's motion with prejudice.

Opinion subject to revision prior to official publication.